### DODSON *v.* ALPHIN.

Opinion delivered December 21, 1908.

PARTNERSHIP—LIABILITY.—As each partner is liable individually for all of the debts of a firm, a payment by one of two partners of one-half of the partnership note will not absolve him from liability for the remainder of the debt.

Appeal from Union Circuit Court; *George W. Hays,* Judge; reversed.

*Gaughan & Sifford,* for appellant.

HART, J. C. W. Dodson, as assignee of the Bank of El Dorado, brought suit against A. L. Alphin to recover an amount alleged to be due on a promissory note. The case is here on appeal from a verdict and judgment in favor of the defendant. The facts, briefly stated, are as follows:

E. H. Smith and A. L. Alphin formed a partnership for the purpose of buying and selling scrip. They carried their account in the Bank of El Dorado, of which Smith was the cashier, under the head of "scrip account." The partnership executed a note to the bank for the sum of $593.50. After the scrip account had run for three or four years, the bank became insolvent, and Smith was appointed its receiver in June, 1904. Some time in November following, J. S. Alphin, the husband and agent of A. L. Alphin, paid Smith $300 on said note, and the note was turned over to him. Smith was to pay his half of the note out of the fees claimed to be due him as receiver. The chancery court did not approve the settlement so made by the receiver. Smith executed a note to the bank for the balance due, $293.50 in the name of Smith & Alphin. After the settlement with A. L. Alphin, the scrip on hand was turned over to J. S. Alphin, her agent, to be sold, and the joint profits were about $1,000.

The last mentioned note for $293.50 is the one herein sued on. It is admitted that C. W. Dodson is the legal owner as assignee of the bank of the note. No exceptions were saved at the trial to the introduction of evidence or the instructions of the court. The sole question raised by the appeal is that there is not sufficient evidence to support the verdict. This point is well taken. Each partner was individually liable for all the debts of the firm. The payment by A. L. Alphin of $300 and her settlement at the time with Smith did not relieve her liability for the balance of the debt. In other words, the payment by A. L. Alphin of one-half the original note to E. H. Smith, the receiver of the bank and who was also her partner, and the agreement at the time of him to settle the other half of the debt out of the fees thought to be due him as receiver, did not amount to a payment of the debt.

Hence, because there was no evidence to support the verdict, the judgment is reversed, and the cause remanded for a new trial.